UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Charles A. Higgins, )
)
        Plaintiff, )
) Civil Action No. 8:11-3334-SB
v. )
) **ORDER**
Sentencing Judge Moore, )
)
        Defendant. )
)

This matter is before the Court on Plaintiff's pro se complaint, filed pursuant to 42 U.S.C. § 1983. In his complaint, the Plaintiff alleges false imprisonment and seeks eight billion dollars in damages and his release from prison.

On February 14, 2012, United States Magistrate Judge Paige J. Gossett issued a report and recommendation ("R&R") in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), recommending that the Court summarily dismiss the Plaintiff's complaint because the Defendant is entitled to judicial immunity. See Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Attached to the R&R was a notice advising the Plaintiff of his right to file specific, written objections to the R&R within fourteen days of the date of service of the R&R.

Rather than filing written objections to the R&R, on February 23, 2012, the Plaintiff filed a motion for default judgment. In his motion, the Plaintiff requests that:

> this Honorable Court enter judgment by default against the United States District Court for the District of South Carolina for the computated [sic] amount of (8) billion dollars, interest payable by law, Plaintiff's unconditional release from the South Carolina Department of Corrections, for the federal violation of Rule 4(c)(3) for failure to serve process."

(Entry 11 at 2.) After review, the Court finds the Plaintiff's motion for default judgment to be wholly without merit. Moreover, absent timely objection from a dissatisfied party, a district court is not required to review, under a de novo or any other standard, a Magistrate Judge's factual or legal conclusions. Thomas v. Arn, 474 U.S. 140, 150 (1985); Wells v. Shriner's Hosp., 109 F.3d 198, 201 (4th Cir. 1997). Here, because the Plaintiff did not file any specific, written objections to the R&R, there are no portions of the R&R to which the Court must conduct a de novo review. After consideration, the Court finds that the Magistrate Judge correctly applied the appropriate legal standards. Accordingly, it is hereby

**ORDERED** that the R&R (Entry 9) is adopted; the Plaintiff's motion for default judgment (Entry 11) is denied; and the Plaintiff's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

May 15, 2012
Charleston, South Carolina